UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ARTAGNAN LITTLE, #197553,

    Plaintiff,

v,                                                                  Case No. 4:22-cv-12222
                                                                F. Kay Behm
                                                                U.S. District Judge

WARDEN J. CHRISTIANSEN, *et al.*,

    Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

I.

    Michigan prisoner D'Artagnan Little ("Plaintiff"), confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* civil rights complaint and a supplemental complaint (collectively considered as an amended complaint) pursuant to 42 U.S.C. § 1983. The Court has granted him leave to proceed without prepayment of the filing fee for this action. In his complaint, Plaintiff raises claims concerning fellow prisoners' theft of his personal property from his cell, the handling of his grievances and complaints, the failure to investigate and pursue criminal charges, negligence, violations of Michigan Department of Corrections' policy, equal protection, conspiracy, retaliation and prison misconduct charges, and the handling of his legal mail. He names Warden J. Christiansen, Prison Counselor K. Williams, Corrections Officer S. Ladoux, Sergeant D. Beauregard, Deputy Warden C. Lamentola, Assistant Deputy Warden/Inspector B. Hall, Grievance Coordinator K. Parsons, Hearing Officer Fleming, and Resident Unit Manager Chaffin as the defendants in this action. He names Christiansen, Lamentola, and Hull in their official capacities, Ladoux, Beauregard, and Parsons in their official

and personal capacities, and Fleming and Chaffin in their personal capacities and seeks monetary damages and criminal charges.

Having reviewed the matter and for the reasons stated herein, the Court dismisses the complaint in part pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and on the basis of immunity.

II.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does require not

require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). With these standards in mind, the Court concludes that Plaintiff's complaint is subject to summary dismissal in part.

### III.

First, Plaintiff's claims against Christiansen, Lamentola, and Hull are largely based upon their supervisory roles over others and must dismissed. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).

Thus, to the extent that Plaintiff alleges that the afore-mentioned defendants, or any others, should be liable for another individual's conduct, he fails to state a claim upon which relief may be granted. Any assertions that one or more of the defendants failed to supervise an employee, should be vicariously liable for another employee's conduct, and/or did not sufficiently respond to the situation are insufficient to state a claim under § 1983. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001).

Second, to the extent that Plaintiff asserts that Christiansen, Lamentola, Hull, Beauregard, and Parsons (or any other defendant) violated his constitutional rights by denying his grievances or failing to properly investigate the incident, he fails to state a claim upon which relief may be granted. The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. While a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."). An inmate does not have a constitutionally protected interest in a jail or prison grievance procedure or the right to an effective procedure. *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases).

A failure to investigate another person's alleged constitutional violation also "do[es] not constitute 'active constitutional behavior' as required and thus, [is] not actionable" under § 1983. *Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012) (quoting *Bass v. Robinson*, 167

4

F.3d 1041, 1048 (6th Cir. 1999)). In other words, a prison official's purported failure to investigate or take corrective action does not constitute personal involvement in the underlying alleged unconstitutional conduct. *See Knop v. Johnson*, 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Plaintiff thus fails to state a claim upon which relief may be granted against the defendants concerning the denial of his grievances and the investigation of the incident. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009) (Borman, J., adopting magistrate judge's report).

Third, Plaintiff is not entitled to relief on his theft of personal property claim. The negligent or intentional deprivation of a prisoner's property does not violate due process if adequate state remedies are available to redress the wrong. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). To maintain a § 1983 action "claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). Plaintiff neither alleges nor establishes that Michigan's judicial remedies are inadequate or that it would be futile to present his claim in the Michigan state courts. A prisoner may petition the Prisoner Benefit Fund for compensation, MDOC Policy Directive 04.07.112, ¶ B (effective Dec. 12, 2013), submit a claim for property loss of less than $1,000 to the State Administrative Board, Mich. Comp. Laws § 600.6419; MDOC Policy Directive 03.02.131 (effective Oct. 21, 2013), and/or bring a tort or contract action in the Court of Claims 'against the state and any of its departments, commissions, boards, institutions, arms, or agencies," Mich. Comp. Laws § 600.6419(1)(a). The United States Court of Appeals for the Sixth Circuit has ruled that Michigan provides adequate post-deprivation remedies for property loss. *See Copeland v. Machulis*, 57 F.3d 476, 479 (6th

Cir. 1995). Plaintiff thus fails to state a claim upon which relief may be granted under § 1983 as to this issue.

Fourth, to the extent that Plaintiff alleges that the defendants violated MDOC policies and procedures and/or state law, such claims must be dismissed. Section 1983 provides a remedy for violations of federal law, not prison policy or state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney v. Farley*, 501 F.3d 577, 580-81 (6th Cir. 2007). Alleged violations of MDOC policy or Michigan law do not rise to the level of a violation or deprivation of a federal constitutional right cognizable under § 1983. *See Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) (ruling that "failing to follow proper procedures is insufficient to establish an infringement of a liberty interest" and citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)); *Laney*, 501 F.3d at 581 n. 2; *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-2347, 1995 WL 236687, *1 (6th Cir. April 21, 1995) (failure to follow MDOC Policy Directive does not rise to the level of a constitutional violation because the Directive does not create a liberty interest protected by the Fourteenth Amendment's Due Process Clause); *Coleman v. Martin*, 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005) ("the failure of a prison, or the state, to follow its own policies and procedures does not amount to a constitutional violation."). Plaintiff's claims alleging violations of MDOC policies or procedures or violations of Michigan law fail to state a claim upon which relief may be granted under § 1983.[1]

Fifth, to the extent that Plaintiff alleges that one or more of the defendants were negligent, he fails to state a viable claim for relief. It is well-settled that claims of negligence concerning a

---

[1] While such allegations may perhaps be actionable under Michigan law, they do not provide a basis for relief in federal court. Consequently, any state law claims are dismissed without prejudice to those claims being brought in state court. The Court declines to exercise pendant jurisdiction over any state law claims.

prisoner's treatment are not cognizable in a civil rights action under § 1983. *See Collins v. City of Harker Hgts.*, 503 U.S. 115, 127–28 (1992) (an "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and does not state a claim under § 1983); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Colvin v. Caruso*, 605 F.3d 282, 293-94 (6th Cir. 2010); *Lewellen v. Metropolitan Gov't. of Nashville & Davidson Co.*, 34 F.3d 345, 348 (6th Cir. 1994). Plaintiff's claims of negligence must therefore be dismissed for failure to state a claim upon which relief may be granted.

Sixth, Plaintiff fails to state an equal protection claim in his complaint. Prisoners are entitled to equal protection under the law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The linchpin of an equal protection claim is that the government has intentionally treated people who are similarly situated in a different manner without a rational basis for the disparate treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Ross v. Duggan*, 402 F.3d 575, 587-88 (6th Cir. 2004). Prisoners are not members of a protected class for equal protection purposes due to their status as prisoners. *Jackson v. Jamrog*, 411 F.3d 615, 619, (6th Cir. 2005); *Wilson v. Yaklich*, 148 F.3d 596-604 (6th Cir. 1998). Plaintiff's equal protection claim lacks factual support. He fails to indicate with any specificity how he was treated differently from others who are similarly situated. Conclusory allegations are insufficient to state a claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009). Plaintiff thus fails to state a claim upon which relief may be granted as to this issue.

Seventh, to the extent that Plaintiff seeks to have criminal charges brought against certain defendants for participating in the incident and/or not reporting it to supervisors or the police, he is not entitled to such relief. Criminal statutes do not create private rights of action. Plaintiff

7

does not have standing to file a criminal complaint. A private citizen "lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Diamond v. Charles*, 476 U.S. 54, 63 (1986). Private citizens, whether or not they are incarcerated, cannot compel the criminal prosecution of another. *Id*. at 64–65. Decisions regarding who to criminally prosecute and what charges to bring rest within a prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Additionally, a private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime. *See, e.g., White v. City of Toledo,* 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002); *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act."); *see also Jones v. Washington*, No. 2:22-CV-11843, 2023 WL 1112495, *3 (E.D. Mich. Jan. 30, 2023) (citing *White, supra*, and dismissing similar claims). Moreover, this Court lacks the authority to compel state (or even federal) officials to bring criminal charges as such authority lies with the executive branch of the state (or federal) government, not the judiciary. *See, e.g., Wortman v. Board of Parole*, No. 20-5718, 2021 WL 9528123, *2 (6th Cir. Sept. 23, 2021) (ruling that the district court lacked jurisdiction to initiate a criminal investigation at Tennessee prisoner's request and he lacked authority to compel the criminal investigation or prosecution of private citizens and citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *O'Connor v. Doe*, No. CV 22-3075 (UNA), 2023 WL 1963922, *1 (D. D.C. Feb. 10, 2023) (citing cases and denying relief on similar claim). Plaintiff thus fails to state a viable claim for relief as to such matters.

Eighth, Plaintiff fails to state a conspiracy claim in his complaint to the extent that he broadly alleges that all of the defendants conspired against him. To state a conspiracy claim under

§ 1983, a plaintiff must allege facts to show: (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his civil rights. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985); *see also Memphis, TN Area Local v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). A plaintiff must plead the conspiracy with some specificity. In this case, Plaintiff's allegation that all of the defendants conspired against him is conclusory. As discussed, conclusory allegations are insufficient to state a civil rights claim under § 1983, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El*, 523 U.S. at 588; *Moldowan*, 578 F.3d at 390-91, including a conspiracy claim. *See Horton v. Martin*, 137 F. App'x 773 (6th Cir. 2005); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Plaintiff fails to allege sufficient facts to state a conspiracy claim against all of the defendants in his complaint.[2]

Ninth, Plaintiff's claim for monetary damages against Fleming in her personal capacity is subject to dismissal on the basis of immunity. As a hearing officer, Fleming is entitled to absolute immunity from liability on a § 1983 claim for damages. In *Shelly v. Johnson*, 849 F.2d 228 (6th Cir. 1988), the Sixth Circuit recognized that Michigan law defines a hearing officer's role, for all practical purposes, as that of an administrative law judge. *See* Mich. Comp. Laws § 791.251 *et seq*. As such, a hearing officer is entitled to absolute immunity for judicial acts. *See Butz v. Economou*, 438 U.S. 478, 508-14 (1978). Because Fleming acted in her judicial capacity regarding the events giving rise to the complaint, she is entitled to absolute immunity on Plaintiff's claim for monetary damages.

---

[2] Plaintiff's more specific conspiracy allegations against Williams, Ladoux, Parsons, and Chaffin are not subject to summary dismissal.

Tenth, Plaintiff's complaint must also be dismissed, in part, on the basis of sovereign immunity. Plaintiff sues Christiansen, Lamentola, Hull, Ladoux, Beauregard, and Parsons, who are all MDOC employees, in their official capacities and seeks monetary damages as relief. The Eleventh Amendment, however, bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "The State of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies," *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Department of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)), but does not preclude prospective injunctive relief. *McCormick*, 693 F.3d at 662 (citing *McKey v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)). Eleventh Amendment immunity applies to state employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Because Christiansen, Lamentola, Hull, Ladoux, Beauregard, and Parsons are MDOC employees who are sued in their official capacities, they are entitled to Eleventh Amendment immunity. *See Johnson*, 357 F.3d at 545. Plaintiff's claims for monetary damages against those defendants in their official capacities must be dismissed.

Lastly, the Court finds that Plaintiff's claims against Williams, LaDoux, Parsons, and Chaffin concerning retaliation and the misconduct charges, conspiracy, the refusal to provide him

with grievance forms, and interference with his legal mail are not subject to summary dismissal. While Plaintiff may or may not ultimately prevail on those claims, he has pleaded sufficient facts to state potential claims for relief.

IV.

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to his claims based upon supervisory liability, the handling and denial of his grievances, the investigation of the incident, the theft of his personal property by fellow prisoners, violations of MDOC policy or state law, negligence, equal protection, the failure to report the incident, and the pursuit/non-pursuit of criminal charges, and broad-based conspiracy. Accordingly, the Court **DISMISSES** those claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

The Court also concludes that Fleming, who is only sued in her official capacity, is entitled to hearing officer immunity and that Christiansen, Lamentola, Hull, Ladoux, Beauregard, and Parsons (and any other defendants), who are sued in their official capacities, are entitled to Eleventh Amendment immunity.

Accordingly, the Court **DISMISSES** defendants Christiansen, Lamentola, Hull, Beauregard, and Fleming from this action as they do no longer have valid pending claims for relief against them. The Court also **DISMISSES** Plaintiff's claims for monetary damages against Fleming in her personal capacity and against Christiansen, Lamentola, Hull, Ladoux, Beauregard, and Parsons in their official capacities.

The Court further concludes that Plaintiff's claims against defendants Williams, LaDoux, Parsons, and Chaffin concerning retaliation and the misconduct charges, conspiracy, the refusal to

11

provide him with grievance forms, and interference with his legal mail survive the initial screening process under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A and are not subject to summary dismissal.

A court may grant a petitioner leave to proceed on appeal in forma pauperis if it finds that an appeal is being taken in good faith. *See* 28 U.S.C. § 1915(a)(3). "Good faith" is an objective standard met by seeking "appellate review of any issue that is not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A frivolous appeal is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, the Court concludes that an appeal from this decision cannot be taken in good faith.

**IT IS SO ORDERED**.

s/F. Kay Behm
F. Kay Behm
United States District Judge

Dated: March 7, 2023