UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARTAGNAN LITTLE,                   Case No. 22-12222

    Plaintiff,                          F. Kay Behm
v.                                United States District Judge

K. WILLIAMS, *et al.*,

    Defendants.
_____ /

**ORDER DENYING MOTION FOR RECONSIDERATION (ECF No. 33)**
**AND GRANTING MOTION TO FILE REPLY (ECF No. 50)**

**I.  PROCEDURAL HISTORY**

On March 7, 2023, the court issued an opinion and order of partial summary dismissal, pursuant to its screening obligations under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  (ECF No. 18).  Nearly six months later, on August 28, 2023, Plaintiff filed a motion for reconsideration.  (ECF No. 33).  The court ordered Defendants to file a response, which they did.  (ECF Nos. 44, 45).  Plaintiff then moved to file a "sur-reply" in support of his motion for reconsideration.  (ECF No. 50).  The court will treat this as a motion to file a reply and the motion is **GRANTED**.

1

For the reasons set forth below, Plaintiff's motion for reconsideration is **DENIED**.

## II. ANALYSIS

Plaintiff's motion for reconsideration is governed by Local Rule 7.1(h)(2). A motion for reconsideration of a non-final order must be filed within 14 days. *Id*. Even allowing for additional time for prisoner mail issues, Plaintiff's motion is untimely, given that it was filed nearly six months after the court issued its opinion and order. Plaintiff's status as a pro se litigant does not affect the deadline imposed under Local Rule 7.1(h)(2). *See Bunting v. Hansen*, 2007 WL 1582236 (E.D. Mich. May 31, 2007) ("[P]ro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines.") (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). Accordingly, the motion is denied as untimely.

Even if the court were to consider the merits of Plaintiff's motion for reconsideration, he has failed to identify any grounds listed in Local Rule 7.1(h)(2) as a basis for his motion. Local Rule 7.1(h)(2) provides limited and narrow grounds on which the court may reconsider its non-final orders. Motions for reconsideration may only be brought on three grounds:

2

>(A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
>(B) An intervening change in controlling law warrants a different outcome; or
>
>(C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2)(A)-(C).  Plaintiff does not identify how the court made a mistake, any intervening change in controlling law, or any new facts to warrant a different outcome.  Accordingly, the motion must be denied because Plaintiff has failed satisfy any of the requirements set forth in Local Rule 7.1(h)(2).

### III.    CONCLUSION

For the reasons set forth above, the court **GRANTS** Plaintiff's motion to file a reply (ECF No. 50) and **DENIES** Plaintiff's for reconsideration (ECF No. 33).

**SO ORDERED**.

Date:  March 5, 2024                                         s/F. Kay Behm
                                                            F. Kay Behm
                                                            United States District Judge