UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARTAGNAN LITTLE, | Case No. 22-12222 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| K. WILLIAMS, *et al.*, | Kimberly G. Altman |
| Defendants. | United States Magistrate Judge |
| _____ / | |

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S MAY 3, 2024 REPORT AND RECOMMENDATION IN PART AND REMANDING FOR CONSIDERATION OF NEW EVIDENCE (ECF No. 59)**

**I.   PROCEDURAL HISTORY**

Currently before the court is Magistrate Judge Kimberly G. Altman's May 3, 2024 Report and Recommendation (R&R).  (ECF No. 59).[1]  Magistrate Judge Altman recommends granting in part and denying in part Defendants' motion for summary judgment based on exhaustion and denying Plaintiff's motion for restraining order and sanctions.  (ECF Nos. 39, 54).  Plaintiff filed a "Motion to Vacate Order to Dismiss Defendant K. Parsons from Action" and "Objections to

---

[1] The court previously entered an order adopting the R&R as no objections were filed. (ECF No. 61).  Plaintiff filed a motion for reconsideration, indicating that he did not timely receive the R&R.  The court granted the motion for reconsideration and allowed Plaintiff to file objections to the R&R.  (ECF No. 75).

1

Defendant Parsons Motion to Dismiss Her From Action." (ECF No. 76).  The court construes this filing as objections to the Magistrate Judge's R&R.  Defendants have filed a response to the Objections.  (ECF No. 79).

For the reasons set forth below, the Court **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation, in part (ECF No. 59), **REMANDS** the issue of whether the court should consider the newly filed evidence that Plaintiff exhausted his administrative remedies as to Defendant Parsons (ECF No. 39), and **DENIES** Plaintiff's motion for a restraining order and sanctions (ECF No. 54).

## II.    LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3).  This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id*.  "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'"  *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).  Objections that

dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346. And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

### III. ANALYSIS

In the report and recommendation, the Magistrate Judge concluded that Little failed to exhaust his administrative remedies against Parsons. He never

3

filed a grievance naming Parsons and never requested a grievance form from Parsons (Little was on modified access and was required to request forms) so that he could file a grievance against her. (ECF No. 59, PageID.411). Judge Altman observed that while Little may have considered it fruitless to attempt to request a form from Parsons in order to file a grievance against her, he was required under the law to at least try. *Id.* at PageID.412; *Stevens v. Potila*, 2015 WL 1245889, at *3 (E.D. Mich. Mar. 18, 2015) ("A prisoner's subjective belief that the grievance process would be ineffective cannot excuse failure to exhaust the prison grievance procedure prior to filing suit."). Plaintiff objects to the Report and Recommendation that defendant Parsons should be dismissed from this action by producing never before seen evidence purportedly showing that he did, contrary to the R&R, request a grievance form from her. (ECF No. 76, PageID.588). Plaintiff produces a copy of a kite dated August 31, 2022 in which he requests such a form. *Id*.

Plaintiff, however, previously failed to produce this evidence, despite several opportunities to do so. Plaintiff submitted exhibits in his response to the motion for summary judgment (ECF No. 42) and filed a sur-reply with additional exhibits. (ECF No. 46). He also filed a motion for reconsideration of the court's prior order adopting the instant R&R. Yet, in all these filings, he never included

the August 21, 2022 kite. Despite these failings, it is well-established that "a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *Thompson v. Richardson*, 2013 WL 4780265, at *1 (W.D. Mich. Sept. 5, 2013) (quoting *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000)). *See also Muhammad v. Close*, 2009 WL 8755520, at *2 (6th Cir. Apr. 20, 2009) (finding *Howell* and *Freeman v. Bexar*, 142 F.3d 848 (5th Cir. 1998), "persuasive" and concluding that remand was required because the district court failed to recognize and properly exercise its discretion to consider new evidence not presented to the magistrate judge); *Amadasu v. Ngati*, 2012 WL 3930386, at *4 (E.D.N.Y. Sept. 9, 2012) ("A district court has discretion to consider new evidence raised for the first time in an objection to a magistrate judge's R&R."). The court believes that the Magistrate Judge, as the jurist most familiar with the issues and facts in this case, should take the first pass at assessing whether the court should consider Plaintiff's newly submitted evidence. Accordingly, the court will remand the R&R back to the Magistrate Judge: (1) to evaluate whether the court should consider the newly filed evidence; (2) if so, to give the opportunity to Defendants to rebut or dispute the newly filed evidence.

## IV. CONCLUSION

For the reasons set forth above, the Court **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation, in part (ECF No. 59), **REMANDS** the issue of whether the court should consider the newly filed evidence that Plaintiff exhausted his administrative remedies as to Defendant Parsons (ECF No. 39), and **DENIES** Plaintiff's motion for a restraining order and sanctions (ECF No. 54).

**SO ORDERED**.

Date:  January 29, 2025						s/F. Kay Behm
								F. Kay Behm
								United States District Judge